# Exhibit A

Exhibit A

## Commonwealth of Massachusetts

MIDDLESEX,SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 2181CV05162

_Manuel Rivera_, PLAINTIFF(S),

V.

_Sixgill USA Inc._, DEFENDANT(S)



### SUMMONS

THIS SUMMONS IS DIRECTED TO _Sixgill USA Inc._ . (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the _Middlesex Superior_ Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:
   a. Filing your **signed original** response with the Clerk's Office for Civil Business, _Middlesex Superior_ Court, _200 Trade Center, Woburn, MA 01801_ (address), by mail or in person, **AND**
   b. Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address: _181 Wells Avenue, Suite 101, Newton, MA 02459._

3. **What to include in your response.** An **"Answer"** is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

4. **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5. **Required information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on _____, 20____.

_____
Michael A. Sullivan
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____, 20____, I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4(d)(1-5)):

_____
_____
_____

Dated: _____, 20____     Signature: _____

**N.B.   TO PROCESS SERVER:**

**PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.**

, 20____

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.                                         SUPERIOR COURT
                                                       CIVIL ACTION NO.

|  |  |
|---|---|
| MANUEL RIVERA,<br>       Plaintiff<br><br>v.<br><br>SIXGILL USA INC.,<br>       Defendant | **RECEIVED**<br><br>12/2/2021   HG |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**PARTIES**

1. Plaintiff, Manuel Rivera ("Mr. Rivera"), is an individual who resides in Waltham, Middlesex County, Massachusetts.

2. Defendant, Sixgill USA Inc. ("Sixgill") is a foreign corporation with a principal location of business at 177 Huntington Ave., Suite 703, PMB 64136, Boston, Suffolk County, Massachusetts. Sixgill offers cyber security to clients in Massachusetts and has a registered agent in Boston, Suffolk County, Massachusetts.

**STATEMENT OF FACTS**

3. On June 1, 2020, Mr. Rivera began his employment with Sixgill as a Director Strategic Alliances. In this role, Mr. Rivera was responsible for managing the Sixgill's partner program, targeting and recruiting new partners, and managing partner sales.

4. Pursuant to the terms of his employment agreement with Sixgill, Mr. Rivera was to receive an annual salary of $180,000 plus commissions.

5. Based on his 2020 compensation plan, Mr. Rivera commission rate was 14%.

1

6. Mr. Rivera's "on-target" sales quota at Sixgill was $1,000,000 for which he would be paid $140,000 in commissions, as deals were closed.

7. In or around October 2020, upon an oral agreement with Chief Revenue Officer Ross Hogan ("Mr. Hogan") Mr. Rivera was ensured that Sixgill would continue to pay his 14% commission rate through the rest of 2020 and into 2021.

8. In or about December 2020, Mr. Rivera had another in-person conversation with Mr. Hogan, where Mr. Hogan reassured Mr. Rivera that he would receive a 14% commission rate for the year of 2021.

9. In 2021, Mr. Rivera closed several deals for Sixgill in which he was either paid significantly less than the agreed-upon 14% commission or not paid a commission at all.

10. For example:

a. In or about July 2021, Mr. Rivera closed a deal with DXC Technology. Mr. Rivera was paid roughly 4.5% in commission.

b. In or about September 2021, Mr. Rivera closed a deal with PwC Japan. Mr. Rivera did not receive a commission for this deal.

c. In or around early October 2021, Mr. Rivera closed another deal with Deloitte. Mr. Rivera did not receive a commission for this deal.

11. On or about August 23, 2021, Mr. Hogan sent Mr. Rivera a document that purported to be his compensation plan for 2021.

12. Mr. Rivera was shocked when he reviewed the document, as it purported to drastically reduce Mr. Rivera's existing commission rate which he had agreed-upon with Mr. Hogan and had been operating under since.

13. On August 24, 2021, Mr. Rivera messaged CEO Sharon Wagner ("Mr. Wagner") on Slack and complained that Mr. Hogan slashed his commission rate two thirds into the year and that he had an oral agreement with Mr. Hogan that his commission rate would be 14% for 2021.

14. That same day, Mr. Wagner responded to Mr. Rivera, writing: "numbers and targets should be the same. Please reach out to [Mr. Hogan] and check it with him." Attached hereto as Exhibit A.

15. Shortly thereafter, Mr. Rivera emailed Mr. Hogan questioning his compensation plan for 2021. Mr. Hogan responded to Mr. Rivera suggesting a time to discuss the matter over the phone.

16. In or around the middle of September 2021, Mr. Rivera was scheduled to have a phone conversation with Mr. Hogan concerning his compensation plan for 2021. However, this phone call did not happened.

17. Although Mr. Hogan promised to reschedule the phone call with Mr. Rivera, Mr. Rivera did not receive any further communication from Mr. Hogan to reschedule the call.

18. On November 3, 2021, Mr. Rivera received an e-mail from FP&A Analyst Eugene Kelman ("Mr. Kelman") with his November payroll and Q3 commissions breakdown.

19. The Q3 commissions breakdown confirmed that Mr. Rivera did not receive a commission for his deal PwC Japan and Deloitte, and collected only 4.5% commission from his deal with DXC Technology.

20. On November 3, 2021, Mr. Rivera responded to Mr. Kelman demanding that Sixgill pay him his earned wages in accordance with M.G.L. c. 149 §148.

21. On November 4, 2021, Chief Financial Officer Dikla Pinto ("Ms. Pinto") replied to Mr. Rivera's e-mail, stating that Sixgill will pay in accordance with the 2021 compensation plan that Mr. Hogan had sent on August 23, 2021.

22. Mr. Rivera responded, "[Sixgill] owe[s] me $71,680. Changing compensation to earnings and holding back earned income is illegal. I expect to get paid what I have rightfully earned and not have to escalate or take this further."

23. Despite expressing his concerns about Sixgill's refusal and failure to pay him his earned wages as required by Massachusetts law, Mr. Rivera did not hear back from either Mr. Kelman, Ms. Pinto, or Mr. Hogan.

24. On November 14, 2021, Mr. Rivera followed up with Mr. Wagner via e-mail, "We had agreed that my commission is 14% uncapped and not to be changed. I did not agree to the changes you made to my commission or was it ever discussed with me."

25. In response to Mr. Rivera's e-mail, Mr. Wagner scheduled a call for November 22, 2021.

26. During the call on November 22, 2021, Mr. Wagner and Director of Human Resources Hadar Hen ("Mr. Hen"), told Mr. Rivera that his employment had been terminated. When asked why, Mr. Wagner told Mr. Rivera that he was terminated due to poor performance.

27. Mr. Wagner failed to provide proper, accurate, or full explanation concerning Mr. Rivera's "poor performance."

28. In fact, at all times relevant, Mr. Rivera was an exceptional employee at Sixgill. Mr. Rivera never received any written warnings or poor performance reviews during his tenure at Sixgill.

29. Mr. Rivera was terminated in retaliation for complaining that Sixgill did not properly pay him his earned wages as required by Massachusetts law.

## COUNT I
## Violation of the Massachusetts Wage Act, M.G.L. c. 149 § 148

30. The allegations contained in paragraphs 1 through 29 above are restated as if set forth fully herein.

31. Sixgill is an employer within the meaning of M.G.L. c. 149, § 148.

32. From June 1, 2020, through the present, Mr. Rivera has been an employee of Sixgill within the meaning of M.G.L. c. 149, § 148.

33. Mr. Rivera has not been fully compensated during his employment with Sixgill.

34. As a result of Sixgill's failure to pay Mr. Rivera the full amount of commissions owed to him, Mr. Rivera has been monetarily damaged in an amount to be determined at trial. Defendants are liable for treble that amount plus interest and attorneys' fees.

## COUNT II
## Retaliation in Violation of the Massachusetts Wage Act, M.G.L. c. 149 § 148A

35. The allegations contained in paragraphs 1 through 34 above are restated as if set forth fully herein.

36. Sixgill is an employer within the meaning of M.G.L. c. 149, § 148.

37. In November 2021 and several other times during the employment relationship, Mr. Rivera engaged in protected conduct when he complained to Sixgill that he had not been paid his wages.

38. Shortly after he complained, Sixgill terminated his employment in retaliation for his complaints.

39. As a result of Sixgill's unlawful retaliation, Mr. Rivera has been, and continues to be monetarily damaged in an amount to be determined at trial.

**WHEREFORE**, the plaintiff, Manuel Rivera, hereby requests that the Court enter judgment on his behalf against the defendant, Sixgill USA Inc., and award him damages as follows:

A. Judgment in his favor on all counts of the respective claims for relief as set forth above, with the accompanying damages awarded in an amount to be proven at trial under applicable statutory or common law;

B. mandatory treble damages pursuant to M.G.L. c. 149, § 150;

C. costs and attorneys' fees where applicable; and

D. such other and further relief as this Court deems just and proper.

**THE PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY ON ALL COUNTS SO TRIABLE.**

Respectfully submitted,

Plaintiff,
MANUEL RIVERA,
by his attorneys,

Date: December 2, 2021

 */s/ Charles F. Rodman*

Charles F. Rodman, BBO # 641216
chuck.rodman@rodmanemploymentlaw.com
Michael V. Parras, Jr., BBO # 661298
mike.parras@rodmanemploymentlaw.com
Gregory Sager, BBO #696749
greg.sager@rodmanemploymentlaw.com
RODMAN EMPLOYMENT LAW
181 Wells Ave., Suite 101
Newton, MA 02459
Tel: (617) 820-525

# EXHIBIT A

.ıl Sprint 🛜　　　7:46 AM　　　⏰ 76% 🔋

○ **Sharon Wagner**
View details

...was the deal Avi closed and CS has been managing. I'm not sure who, if anyone, has Antonin's managers contact information.

**Aug 24th**

**Manuel Rivera** 8:56 AM
Sharon, I just got my comp plan. Ross slashed it 65% when we're 2/3 into the year. I had agreed to my comp plan with Ross when we started and end of last year that my commissions are 14% and my quota is $1m. This was to compensate for the salary cut and be able to to hit my OTE.

**Sharon Wagner** 9:02 AM
numbers and targets should be the same. Please reach out to Ross and check it with him. (edited)

**Manuel Rivera** 9:03 AM
ok

Message Sharon Wagner

Home　DMs　Mentions　Search　You

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.                                              SUPERIOR COURT
                                                            CIVIL ACTION NO.

| | |
|---|---|
| MANUEL RIVERA,<br>           Plaintiff<br><br>v.<br><br>SIXGILL USA INC.,<br>           Defendant | **RECEIVED**<br><br>12/2/2021    HG |

### MOTION FOR APPOINTMENT OF SPECIAL PROCESS SERVER

The plaintiff, Manuel Rivera, pursuant to Mass. R. Civ. P. 4(c), respectfully moves this Court to appoint Jon Pollack & Associates, 607 Boylston Street, Suite 122LL, Boston, Massachusetts, to serve process in this action.

In support of this Motion, the plaintiff states that Jon Pollack & Associates has no interest in this action, that service of process will be made by a disinterested person over the age of 18, and that the service of process in this action will be facilitated by such appointment.

Attached as Tab A is a Proposed Order.

12/2/21   Motion Allowed
Attest: _____
              Deputy Assistant Clerk
( Budreau    J.)

                                          Respectfully submitted,

                                          Plaintiff,
                                          MANUEL RIVERA,
                                          by his attorneys,

                                          */s/ Charles F. Rodman*

Date:   December 2, 2021               _____
                                          Charles F. Rodman, BBO # 641216
                                          chuck.rodman@rodmanemploymentlaw.com
                                          Michael V. Parras, Jr., BBO # 661298
                                          mike.parras@rodmanemploymentlaw.com
                                          Gregory Sager, BBO #696749
                                          greg.sager@rodmanemploymentlaw.com
                                          RODMAN EMPLOYMENT LAW
                                          181 Wells Ave., Suite 101
                                          Newton, MA 02459
                                          Tel: (617) 820-5250

# TAB A

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.                                              SUPERIOR COURT
                                                            CIVIL ACTION NO.

|  |  |
|---|---|
| MANUEL RIVERA,<br>　　　　Plaintiff | )<br>)<br>)<br>) |
| v. | )<br>) |
| SIXGILL USA INC.,<br>　　　　Defendant | )<br>)<br>)<br>) |

## [PROPOSED] ORDER FOR APPOINTMENT OF SPECIAL PROCESS SERVER

Pursuant to Mass. R. Civ. P. 4(c), the Court hereby appoints Jon Pollack & Associates, located at 607 Boylston Street, Suite 122LL, Boston, Massachusetts, to serve process in this action.

SO ORDERED:


DATE:                                              _____
                                                   Justice of the Superior Court

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.                                             SUPERIOR COURT
                                                           CIVIL ACTION NO. 2181CV05162

MANUEL RIVERA,                    )
      Plaintiff                 )          **RECEIVED**
                                  )          1/12/2022
v.                                )
                                  )
SIXGILL USA INC.,                 )
      Defendant                 )
                                  )

## ACCEPTANCE OF SERVICE ON BEHALF OF SIXGILL USA INC.

I, Anthony S. Califano, Esquire, as counsel to Defendant Sixgill USA Inc. do hereby accept on its behalf service of the (1) Summons to Sixgill USA Inc.; and (2) Complaint and Demand for Jury Trial in the above-captioned matter.

On Behalf of SIXGILL USA INC.:

Date: 1/4/22

_____
Anthony S. Califano, BBO # 661136
acalifano@seyfarth.com
Seyfarth Shaw LLP
Two Seaport Lane, Suite 1200
Boston, MA 02210
Tel: (617) 946-4925

IC

## Commonwealth of Massachusetts

MIDDLESEX,SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 2181CV05162

__Manuel Rivera__, PLAINTIFF(S),

V.

__Sixgill USA Inc.__, DEFENDANT(S)



### SUMMONS

THIS SUMMONS IS DIRECTED TO __Sixgill USA Inc.__ . (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the __Middlesex Superior__ Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:
   a. Filing your **signed original** response with the Clerk's Office for Civil Business, __Middlesex Superior__ Court, __200 Trade Center, Woburn, MA 01801__ (address), by mail or in person, **AND**
   b. Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address: __181 Wells Avenue, Suite 101, Newton, MA 02459.__

3. **What to include in your response.** An **"Answer"** is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

4. **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5. **Required information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on _____, 20___.

*[signature]*

Michael A. Sullivan
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____, 20___, I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4(d)(1-5)):

_____
_____
_____

Dated: _____, 20___    Signature: _____

N.B.   TO PROCESS SERVER:

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

, 20___